```
            IN THE UNITED STATES DISTRICT COURT FOR THE
                     EASTERN DISTRICT OF VIRGINIA

                          Alexandria Division

PHOENIX RENOVATION CORP.,     )
d/b/a Phoenix Construction,   )
Inc. and Plumbing Express     )
                              )
        Plaintiff,            )
                              )        1:05cv1196(JCC)
        v.                    )
                              )
PETER RODRIGUEZ, et al.       )
                              )
        Defendants.           )
```

## **M E M O R A N D U M   O P I N I O N**

This matter comes before the Court on Plaintiff's motion to review taxing of Bill of Costs.

### **I.  Background**

On October 14, 2005, Phoenix Renovation Corp. ("Phoenix") filed a nine-count complaint against Radec Koci ("Koci"), Peter Rodriguez ("Rodriguez"), and Atlantic Re-Plumbing ("Atlantic") in this Court.[1]  These claims were based on an alleged course of business in which Defendants solicited other Phoenix employees to work for Atlantic and targeted potential customers by using proprietary information developed by Phoenix.

---

[1] Count I alleged that Defendants reproduced and distributed the original content from Phoenix's 2002 Interior Repipe Agreement without Phoenix's authorization, in violation of 17 U.S.C. § 501.  The remaining eight counts asserted claims for breaches of Koci's and Rodriguez's subcontractor agreements, tortious interference with the contracts of various Phoenix employees and Phoenix's business expectancies, Koci's tortious interference with the Rodriguez Subcontractor Agreement, Rodriguez's tortious interference with the Koci Subcontractor Agreement, unfair competition, and civil conspiracy.

On December 8, 2005, this Court entered a Memorandum Opinion and Order dismissing Count VIII, the unfair competition claim.

Subsequently, the parties filed cross-motions for partial summary judgment.  On July 7, 2006, the Court granted Phoenix's motion for partial summary judgment, entering a judgment against Defendants on the limited issue of copyright infringement liability and reserving the issue of damages for trial.  On the same date, the Court granted a portion of the relief requested in Defendants' motion for partial summary judgment, declaring that the non-solicitation clauses contained in Defendants' subcontractor agreements were overbroad and unenforceable as a matter of law.  The Court began a bench trial in this matter on July 18, 2006.  On October 25, 2006 this Court issued a Memorandum Opinion awarding injunctive relief to the Plaintiff on the copyright infringement count, but no damages.  The Court found in favor of the Defendants on all remaining counts.

Defendants filed a Bill of Costs on November 21, 2006.  Plaintiff filed objections to the Bill of Costs on November 29, 2007.  On April 2, 2007, the Clerk of the Court allowed $4,437.55 in costs to the Defendants, and disallowed $1,417.70.  On April 9, 2007 Plaintiff moved this Court to review the Clerk's taxing of Bill of Costs and renewed its objections.  This motion is currently before the Court.

## II.  Analysis

Local Rule 54(D)(2) provides that "[a] party from whom costs are sought may serve an opposition to the Bill of Costs within eleven (11) days after service of the Bill of Costs."  The opposition shall identify each item objected to and the grounds for the objection.  Local Rule 54(D)(2), United States District Court, Eastern District of Virginia (2004).  In this case, final judgment was entered on October 25, 2006.  Defendants filed a Bill of Costs with the Clerk of the Court on November 21, 2006 and did not request leave during the eleven-day period.  Instead, Defendants requested leave on November 21, 2006 along with their Bill of Costs, but did not state any reason for delay in seeking costs.  Plaintiff, on the other hand, promptly opposed the Bill of Costs on November 29, 2006 within its proscribed eleven-day response period under Local Rule 54(D)(2).

This Court never granted leave to Defendants, and the assertion that this Court has already exercised its discretion to allow costs is incorrect.  While the Clerk's Office determined an award of costs, it does not have jurisdiction to rule upon legal matters such as timeliness--and did not do so in this case.  Such issues are solely under the purview of the District Court.  Addressing this issue for the first time, this Court finds that Defendants' delay in filing a Bill of Costs was inexcusably untimely, falling well beyond the eleven-day period without

sufficient explanation.  Defendants stated at oral argument that some of the costs requested were not available until late October and early November.  Nonetheless, this delay did not preclude Defendants from filing leave with the Court prior to the eleven-day period.  Had Defendants timely moved for leave, the Court likely would have granted their motion.  However, Defendants failed to do so in this case--both the motion for leave and Bill of Costs were untimely.  Accordingly, Plaintiff's objections for untimeliness will be sustained, and Defendant's Bill of Costs will be denied.

### IV.  Conclusion

For the foregoing reasons, Plaintiff's motion to review the Bill of Costs will be granted, and upon review, Plaintiff's objections to the Bill of Costs as untimely will be sustained,[2] and Defendant's Bill of Costs will be denied.  An appropriate Order will issue.

May_4, 2007                          _____/s/_____
Alexandria, Virginia                       James C. Cacheris
                                     UNITED STATES DISTRICT COURT JUDGE

---

[2] The Court will not address Plaintiff's additional arguments regarding the substance of costs awarded by the Clerk of Court.  Furthermore, the fact that the case was appealed does not affect this Court's jurisdiction over the Bill of Costs contention.  *See Langham-Hill Petroleum, Inc. V. S. Fuels Co.,* 813 F.2d 1327, 1330-31 (4th Cir. 1987).